1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH MICHAEL GHIORSO,              No. 2:25-cv-02382-DJC-DMC

12                Plaintiff,

13   v.                                    ORDER

14
     USA WASTE OF CALIFORNIA, INC., et
15   al.,

16                Defendants.

17

18        Plaintiff Joseph Michael Ghiorso filed this action in the Superior Court of

19   California, County of Shasta against Defendants USA Waste of California, Inc.

20   ("USAWCA"), Jeff Flood, Rafael Enriquez, Cahil Chabers, [1] and Does 1 through 100.

21   (*See* Adams Decl., Ex. A (ECF No. 1-4) ¶¶ 4–9.)  Defendant USAWCA removed the

22   case to this Court based on diversity of citizenship, arguing the parties were diverse

23   because the citizenship of Doe Defendants should be disregarded and Defendants

24   Flood, Enriquez, and Chabers were fraudulently joined.  (*See* Not. (ECF No. 1) ¶¶ 8–9.)

25   Pending before the Court is Plaintiff's Motion to Remand (ECF No. 4), which argues

26   _____

27   [1] Defendant USAWCA asserts that Defendant was erroneously sued as "Cahil Chabers" and that the
     correct spelling of this Defendant's name is "Cahill Chavers."  (Not. at 4 n.1.)  This Order refers to this
     Defendant as Chabers solely for consistency with the case caption as this Defendant has not confirmed
28   the correct spelling of their name at this time.

                                          1

1   the parties are not completely diverse.  (Mot. at 2.)  For the reasons stated below,

2   Plaintiff's Motion to Remand is granted.

3                                    **BACKGROUND**

4        Plaintiff worked as a driver for USAWCA from June of 2015 through May of

5   2025.  (Adams Decl., Ex. A ¶ 13.)  In March of 2021, Plaintiff injured his shoulder while

6   working and informed Route Managers Flood and Enriquez of this injury.  (*Id.* ¶¶ 15–

7   16.)  Flood and Enriquez asked if Plaintiff could continue working, and Plaintiff

8   responded that he could.  (*Id.* ¶ 16.)  According to the Complaint, "Plaintiff thought

9   that it was implied that a person was a crybaby if you did not continue working and his

10  managers would think less of him if he took time off."  (*Id.*)  Three months later, Plaintiff

11  re-injured his shoulder while carrying a large bin at work.  (*Id.* ¶ 17.)  Plaintiff then

12  visited a physician, who informed Plaintiff that he could not work due to the injury, and

13  Plaintiff went on disability leave.  (*Id.* ¶¶ 19–20.)  In February of 2024, Plaintiff was

14  cleared to work, with the restriction that he could not pull or lift anything over 50

15  pounds.  (*Id.* ¶ 21.)  Plaintiff contacted Chabers, who informed Plaintiff that USAWCA

16  did not have a position available for him, even though "Plaintiff was aware that

17  USAWCA was looking for a Fleet Maintenance Manager, among other positions."  (*Id.*

18  ¶ 22.)  However, Chabers informed Plaintiff "he could not give him those positions."

19  (*Id.*)  Based on these events, Plaintiff alleges discrimination, hostile work environment,

20  retaliation, failure to prevent discrimination from occurring, harassment, failure to

21  accommodate, and failure to engage in a good faith interactive process in violation of

22  the California Fair Employment and Housing Act ("FEHA"), codified at Gov't Code

23  §§ 12940, et seq.  (*Id.* at 9–17.)  Plaintiff also alleges wrongful termination in violation

24  of public policy.  (*Id.* at 17–19.)

25       Defendant USAWCA timely removed this action under 28 U.S.C. § 1441

26  pursuant to this Court's diversity jurisdiction.  28 U.S.C. § 1332(a).  Plaintiff is a resident

27  of California, and Defendant USAWCA is a Delaware corporation with its principal

28  place of business in Houston, Texas.  (*See* Not. ¶¶ 14–19.)  Plaintiff moved to remand

1  this action, arguing the parties are not completely diverse because the Doe

2  Defendants as well as Defendants Flood, Enriquez, and Chabers are citizens of

3  California for purposes of diversity jurisdiction.  (*See* Mot. (ECF No. 4) at 8.)  Defendant

4  counters that Flood, Enriquez, and Chabers are sham defendants, rendering their

5  citizenship irrelevant in the assessment of diversity jurisdiction.  (Opp'n (ECF No. 7) at

6  10–11.)

7      Briefing on this Motion is now complete, and the Court ordered this Motion

8  submitted without oral argument pursuant to Local Rule 230(g).  (Mot. (ECF No. 4);

9  Opp'n (ECF No. 7); Reply (ECF No. 8); *see* ECF No. 9.)

10                                    **LEGAL STANDARD**

11      "A motion to remand is the proper procedure for challenging removal." *Moore-*

12  *Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C.

13  § 1447(c)).  Generally, courts "strictly construe the removal statute against removal

14  jurisdiction." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir.

15  2021).  The party asserting federal subject matter jurisdiction bears the burden of

16  establishing its existence.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

17  (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

18      A case may be removed to federal court if that court would have jurisdiction

19  over the matter.  *See* 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039,

20  1042 (9th Cir. 2009).  Subject matter jurisdiction exists in civil cases involving a federal

21  question or diversity of citizenship.  28 U.S.C. §§ 1331, 1332.  To support diversity

22  jurisdiction, the amount in controversy in the case must exceed $75,000, 28 U.S.C.

23  § 1332(a), and there must be complete diversity between the parties, meaning that

24  "each plaintiff must be diverse from each defendant." *Lee v. Am. Nat. Ins. Co.*, 260

25  F.3d 997, 1004 (9th Cir. 2001).

26      A party's citizenship is determined by its state of domicile.  *Kanter v. Warner-*

27  *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A natural person's domicile is the

28  state in which they physically reside and intend to remain indefinitely.  *Id.*  A

3

1    corporation is domiciled in any state in which it is incorporated and the state in which

2    it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal

3    place of business, also known as its "nerve center," is the "place where a corporation's

4    officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v.*

5    *Friend*, 559 U.S. 77, 92–93 (2010).  Usually, this is the location of a corporation's

6    headquarters.  *Id.*

### DISCUSSION

8         Plaintiff's Motion does not dispute that Plaintiff's citizenship is diverse from

9    Defendant USAWCA's citizenship or that the amount in controversy is met.  (*See*

10   *generally* Mot.)  Therefore, the sole issues before the Court are whether the Doe

11   Defendants or the individually named Defendants defeat complete diversity.

### I.  Fraudulent Joinder

13        Under the doctrine of "fraudulent joinder" or "sham defendant," a federal court

14   may ignore a non-diverse defendant's citizenship if either of two stringent standards

15   are met: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the

16   plaintiff to establish a cause of action against the non-diverse party in state court."  *See*

17   *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018)

18   (quoting *Hunter*, 582 F.3d at 1044).

19        Defendant USAWCA challenges the joinder of Defendants Jeff Flood, Rafael

20   Enriquez, and Cahil Chabers on the second basis.  (*See* Not. at ¶ 20; Opp'n at 10.)

21   Under this standard, Defendant must show there is no possibility that a state court

22   would find that the Complaint states a cause of action against these Defendants.

23   *Grancare*, 889 F.3d at 548.  Defendant "bears a 'heavy burden' since there is a

24   'general presumption against [finding] fraudulent joinder.'"  *Id.* (quoting *Hunter*, 582

25   F.3d at 1046) (alteration in original).

26        Establishing an inability to state a cause of action against a non-diverse

27   defendant requires more than showing that the claim does not meet the standard for

28   a motion to dismiss under Rule 12(b)(6).  Rather, the Court must determine whether

1    "there is a possibility that a state court would find that the complaint states a cause of

2    action against any of the resident defendants." *Hunter*, 582 F.3d at 1046 (quoting

3    *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *Grancare*, 889

4    F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that

5    defendant has not necessarily been fraudulently joined."). "Consequently, if a

6    defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the

7    heavy burden of showing fraudulent joinder has not been met." *Ontiveros v. Michaels*

8    *Stores, Inc.*, No. 12-cv-09437-MMM-FMO, 2013 WL 815975, at *5 (C.D. Cal. Mar. 5,

9    2013) (collecting cases).

10         As the Ninth Circuit has recognized, fraudulent joinder is typically used to assert

11    procedural defenses and immunities that are distinct from the underlying merits of the

12    claim. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998); *Grancare*,

13    LLC, 889 F.3d at 548–49 ("A standard that equates fraudulent joinder with Rule

14    12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits."). For

15    example, a successful statute of limitation challenge, *see Ritchey*, 139 F.3d at 1320

16    and *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007),

17    a state law privilege, *see McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.

18    1987), or other inability to hold the defendant liable, *see United Computer Systems*,

19    *Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002), are instances in which

20    fraudulent joinder may be established because those defenses render the claim

21    impossible.

22         Defendant USAWCA asserts removal was proper because Defendants Flood,

23    Enriquez, and Chabers are sham defendants and that, without their joinder, this Court

24    has diversity jurisdiction. (Not. ¶¶ 20–22; Opp'n at 11–13.) Plaintiff now seeks remand

25    of this action, asserting he has adequately pled claims against these Defendants such

26    that none of them are "sham" defendants. (Mot. at 14–15.) Therefore, Plaintiff argues

27    there is not complete diversity between the parties. (*Id.*)

28

1    Plaintiff's sole allegations against the individually named Defendants are for

2   harassment in violation of FEHA.  (Adams Decl., Ex. A ¶¶ 63–72.)  FEHA prohibits

3   harassment of an employee based on certain protected characteristics, including

4   physical disability.  Cal. Gov't Code § 12940(j)(1).  To establish a claim for harassment

5   under FEHA, a plaintiff must demonstrate that 1) they are a member of a protected

6   class; 2) they were subjected to harassment because they belonged to this group; and

7   3) the alleged harassment was so severe that it created a hostile work environment.

8   *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013).  Further,

9   California courts have held that the exercise of personnel management authority

10   "might result in discrimination, but not in harassment."  *Janken v. GM Hughes Elecs.*,

11   46 Cal. App. 4th 55, 64 (1996).  Therefore, "commonly necessary personnel

12   management actions such as hiring and firing, job or project assignments," and

13   "deciding who will be laid off, and the like, do not come within the meaning of

14   harassment."  *Id.* at 64–65; *see also Reno v. Baird*, 18 Cal. 4th 640, 646–47 (1998)

15   (quoting *Jenkins* at 63–65); *Lawler*, 704 F.3d at 1244.

16    Plaintiff's allegations likely do not meet this standard.  Plaintiff's allegations

17   against Flood and Enriquez do not identify how any specific comments or actions on

18   the part of these Defendants left Plaintiff with the impression that he was a "crybaby" if

19   he took time off.  (*See* Adams Decl., Ex. A ¶ 16.)  Additionally, Plaintiff's allegations

20   against Chabers for declining to consider Plaintiff for certain positions (*id.* ¶ 22) and

21   against all three Defendants for failing to investigate his complaints of harassment (*id.*

22   ¶ 66) likely qualify as personnel management actions.  *See Janken*, 46 Cal. App. at 64–

23   65; *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1331 (1996) (explaining that a

24   supervisor's failure to address an employee's complaints of harassment is a personnel

25   decision, not harassment itself).

26    But the question for purposes of fraudulent joinder is not whether the Court

27   would grant a motion to dismiss under Rule 12(b)(6).  As Defendant USAWCA does

28   not challenge the joinder of these Defendants based on procedural defenses and

6

immunities, it has a "heavy burden" to prove they were fraudulently joined.  Defendant USAWCA has not carried this burden by establishing only that Plaintiff's allegations are insufficient as currently pled.  *See Grancare*, LLC, 889 F.3d at 548.  The current allegations in the Complaint may fail to state a claim of harassment against these three Defendants under FEHA.  However, this current insufficiency does not mean Plaintiff will ultimately be unable to state claims against these Defendants.

Accordingly, the Court finds that Defendant USAWCA has not met its burden to show Plaintiff fraudulently joined the individually named Defendants.  Therefore, Plaintiff's Motion to Remand must be granted as there is not complete diversity of the parties.  28 U.S.C. § 1447(c); *see* 28 U.S.C. § 1332(a).  As the Court grants remand on this basis, it is unnecessary to address the parties' arguments as to whether the Doe Defendants' citizenship can defeat diversity jurisdiction.

**CONCLUSION**

Plaintiff's Motion to Remand (ECF No. 4) is GRANTED.  The Clerk of Court is directed to remand this case to the Superior Court of California, County of Shasta and close this case.

IT IS SO ORDERED.

Dated:   **November 21, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – ghiorso25cv02382.mtr

7